IN RE: Carl Frederick MOYER
(Arkansas Bar ID # 90067)

01-14                                          37 S.W.3d 618

Supreme Court of Arkansas
Opinion delivered February 22, 2001

*Lynn Williams*, for petitioner.

No response.

PER CURIAM. This is an original action brought by the Supreme Court Committee on Professional Conduct. The Committee petitions this court for an order requiring Carl Fredrick Moyer to appear before this court and show cause why he should not be held in contempt for wilfully disobeying the Committee's "Findings and Consent to Discipline Order" entered September 19, 2000. The Committee further asks this court to order Mr. Moyer to comply with the specific terms of that order.

The Committee's petition reflects that a complaint was filed against Mr. Moyer regarding his representation of Lesa L. Horne. The Committee's order reflects that on September 4, 1998, Mr. Moyer filed suit on behalf of Ms. Horne in the Boone County Circuit Court. A bench trial was held on March 5, 1999, and a letter opinion was issued on March 18, 1999. The letter reflected the trial court's award of a $580 judgment in favor of Ms. Horne. The letter also instructed Mr. Moyer to prepare the judgment. Despite numerous attempts, Ms. Horne was unable to communi-

cate with Mr. Moyer regarding the entry of the judgment. On October 4, 1999, Ms. Horne attempted to file a writ of execution to collect the judgment from the defendant. On October 21, 1999, the trial court rescinded the writ of execution based on Mr. Moyer's failure to prepare the judgment. Subsequently, on November 8, 1999, the trial court dismissed the lawsuit due to Mr. Moyer's failure to prepare and submit the judgment.

According to the Committee's order, Mr. Moyer asserted that he had prepared the judgment, and he believed that it had been sent to the trial court. Mr. Moyer was unaware that the trial court had ultimately dismissed the lawsuit due to his failure to prepare the judgment. However, Mr. Moyer did accept responsibility for the fact that the judgment had not reached the trial court and had not been entered.

Based on the foregoing facts, the Committee found that Mr. Moyer's conduct had violated Arkansas Model Rules of Professional Conduct 1.3, 1.4(a), and 8.4(d). The Committee accordingly reprimanded Mr. Moyer for his conduct and ordered him to pay Ms. Horne $580 in restitution, pursuant to Section 8A(3) of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law. The Committee further ordered that the restitution shall be paid no later than thirty days from the filing of its order. The petition currently before this court reflects that as of January 4, 2001, Mr. Moyer has failed to make restitution to his client as ordered.

Pursuant to the Committee's petition, we order Mr. Moyer to appear before this court at 9:00 a.m. on March 8, 2001, for consideration of the relief requested in the petition, including why he should not be held in contempt.

It is so ordered.